**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

AKOSUA AAEBO-AKHAN,

    Plaintiff - Appellant,

v.

SARAH CONNELL; SEAN C. STAPLES;
TERESA GRANT; MARITTA L. KING;
DC FORENSICS; U.S. MARSHALS
SERVICE,

    Defendants - Appellees.

_____

AKOSUA AAEBO-AKHAN,

    Plaintiff - Appellant,

v.

DC DEPARTMENT OF BEHAVIORAL
HEALTH; ROBERT SHERRON; JOHN
DOE,

    Defendants - Appellees.

No. 26-3124
(D.C. No. 2:25-CV-02502-JWB-ADM)
(D. Kan.)

No. 26-3127
(D.C. No. 2:25-CV-02506-JWB-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of

_____

Plaintiff-Appellant Ms. Aaebo-Akhan, proceeding pro se and in forma pauperis (IFP),[1] appeals from the district court's dismissals of two separate but related complaints against various Defendants. On our own motion, we now order these appeals consolidated for submission and disposition. Fed. R. App. P. 3(b)(2); Thomas v. Parker, 609 F.3d 1114, 1116 (10th Cir. 2010). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

Both of the proceedings underlying the instant appeals are similar in nature to previous suits filed by Ms. Aaebo-Akhan in and dismissed by the district court. R. (26-3124) 286; R. (26-3127) 155; see Aaebo-Akhan v. Akhan, No. 25-2500-JWB-ADM, 2025 WL 4218653 (D. Kan. Dec. 16, 2025), report and recommendation adopted, No. 25-2500-JWB, 2026 WL 127992 (D. Kan. Jan. 16, 2026), reconsideration denied, No. 25-2500-JWB, 2026 WL 351068 (D. Kan. Feb. 6, 2026). These suits pertain to Ms. Aaebo-Akhan's allegations that she is a victim of sex and human trafficking and concern proceedings in other courts. Akhan, 2026 WL 351068, at *1–2.

In the underlying suit in appeal No. 26-3124, Ms. Aaebo-Akhan sued Sean Staples, a Washington, D.C. Superior Court Judge; Teresa Grant, a psychologist; Maritta

_____

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] The district court granted IFP status to Ms. Aaebo-Akhan in both cases. R. (No. 26-3124) 232; R. (No. 26-3127) 106–07. That grant carries over to these appeals. See Fed. R. App. P. 24(a)(3).

2

King, her public defender in Washington, D.C.; Sarah Connell, an Assistant Attorney General for Washington, D.C.; "D.C. Forensics"; and the U.S. Marshals Service. R. (26-3124) 285–86. In her lengthy, handwritten complaint with numerous exhibits, she makes various claims, including challenging certain actions undertaken by Defendants in proceedings in D.C. Superior Court while asserting she is entitled to recover money damages. Id. at 285–86.

In the underlying suit in appeal No. 26-3127, Ms. Aaebo-Akhan sued the D.C. Department of Behavioral Health and two of its employees, Robert Sherron and John Doe, also referred to as "Duane." R. (26-3127) 154. In another lengthy complaint, she makes various claims, including that Defendants raped and sodomized her and mentally, physically, and emotionally abused her, and that she is entitled to recover money damages. Id. at 154–55.

On screening pursuant to 28 U.S.C. § 1915(e)(2)(B), a magistrate judge issued reports and recommendations (R&Rs) that the district court dismiss each action because Ms. Aaebo-Akhan's complaints did not comply with Federal Rule of Civil Procedure 8's pleading requirements, to which Ms. Aaebo-Akhan objected. R. (26-3124) 287; R. (26-3127) 155. The district court adopted the R&Rs and dismissed both complaints without prejudice. R. (26-3124) 288–91; R. (26-3127) 156–59.

## Discussion

We review a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or (iii) de novo. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir.

3

2007). We likewise review dismissal on absolute or sovereign immunity grounds de novo. See PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1195 (10th Cir. 2010) (absolute immunity); Hennessey v. Univ. of Kan. Hosp. Auth., 53 F.4th 516, 527 (10th Cir. 2022) (sovereign immunity). Where the district court has determined that the complaint fails to comply with Rule 8, we review for an abuse of discretion. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007). Regardless of the standard of review, the district court's judgments must be affirmed.

The district court dismissed the complaint in appeal No. 26-3124 because (1) Ms. Aaebo-Akhan failed to comply with Rule 8's pleading requirements; (2) her claims against Defendants were barred by sovereign, judicial, quasi-judicial, or prosecutorial immunity; and (3) the court lacked personal jurisdiction and venue was improper because Defendants were not citizens of Kansas and the alleged wrongdoing did not occur there. R. (26-3124) 288–90. The district court similarly dismissed the complaint in appeal No. 26-3127 because (1) Ms. Aaebo-Akhan failed to comply with Rule 8's pleading requirements and (2) it lacked personal jurisdiction over Defendants and venue was improper. R. (26-3127) 156–58.

Having reviewed the record, including the district court's orders, and Ms. Aaebo-Akhan's contentions on appeal, we will affirm both dismissals for substantially the same reasons given by the district court.

Therefore, the judgments are AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge